**Tony DARWIN, Plaintiff,**

v.

**Norman A. CARLSON, Director, United States Bureau of Prisons, et al., Defendants.**

**Civ. A. No. 86–1874–SSH.**

United States District Court, District of Columbia, Civil Division.

May 30, 1989.

Tony Darwin, Memphis, Tenn., pro se.

Richard N. Reback, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

*Background*

United States District Judge John H. Pratt granted leave to file the complaint herein without prepayment of costs on June 20, 1986. Consistent with what had been accepted practice for many years as being within the contemplation of 28 U.S.C. § 1915(d), he simultaneously dismissed the complaint, writing in hand on the first page of complaint: "Dismissed—no cause of action. No const.[itutional] or statutory right to a tape recorder in prison."

Plaintiff appealed in No. 86–5511. Appellees moved for summary affirmance. That motion was denied on June 24, 1987. Judge Pratt's dismissal was reversed; the case was remanded and randomly assigned to the undersigned. In due course, on December 24, 1987, defendants filed a Motion To Dismiss or in the Alternative for Summary Judgment. Opposition and reply pleadings thereafter were filed.

Rule 52(a) of the Federal Rules of Civil Procedure unequivocally provides in part: "Findings of fact and conclusions of law are unnecessary on decisions of [summary judgment] motions...." If ever a case warranted such a disposition, this one does. However, the Court of Appeals specifically directed this court to consider three questions on remand. Hence, notwithstanding Rule 52(a), the undersigned concluded that something would have to be written.

All courts, including this one, are overburdened, and priorities must be set. Because this case is so lacking in merit, it was put aside for a regrettably lengthy period of time. Now, balancing Rule 52(a) and the directions of the Court of Appeals on remand, the Court writes in summary fashion to dispose of this case.

### Discussion

Plaintiff, having been duly sentenced, went to the Federal Correctional Institution at Oxford, Wisconsin, in September 1983. During his initial stay there, the Bureau of Prisons permitted prisoners—including plaintiff—to have radios and tape players in their cells.

On December 10, 1985, plaintiff was sent pursuant to a writ to the Southern District of Florida. Prior to leaving Oxford, he turned in his radio-tape player for safekeeping. While he was in Florida, on February 18, 1986, the Bureau of Prisons issued a Change Notice providing that thenceforth, as a matter of national policy, prisoners in Federal Correctional Institutions could have radios, but not tape players, in their cells. (*See* p. 3 of Ex. 1 to Complaint.) Plaintiff returned to Oxford slightly more than two months later, on April 29, 1986. On the next day, he sought to reclaim his radio-tape player but was told he no longer could have it in his cell. He executed his complaint on June 3, 1986.[1]

In response to the three questions put by the Court of Appeals in its unpublished remand Memorandum of June 24, 1987, the Court states:

(1) There was no deprivation of plaintiff's due process rights under the fifth amendment.

(2) Plaintiff, as one of many thousands of federal prisoners affected by the Bureau of Prison's Change Notice, did exhaust his administrative remedies.

(3) There was no seizure of plaintiff's property (or what might be referred to as the "functional equivalent" thereof) which constituted a violation of plaintiff's rights under the fourth amendment.

There being no genuine issue of material fact, and defendants being entitled to judgment as a matter of law, defendants' motion for summary judgment is granted.

---

1. He was transferred to F.C.I. Ashland, Kentucky, on June 13, 1986, and at the time of his most recent filing he was at F.C.I. Memphis, Tennessee.